IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**FELIX LEÓN-RIVERA,**

    **Plaintiff,**

          **v.**                              **CIVIL NO. 19-2125 (PAD)**

**MEDICAL DIRECTOR DR. CARLOS ALMODÓVAR, et als.**

    **Defendants.**

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

    This is a pro se prisoner civil rights case. For the reasons explained below, the case is dismissed. As background, on December 12, 2019, plaintiff initiated the action with the filing of a Spanish-language complaint and requested authorization to appear in forma pauperis, albeit with an incomplete form (Docket Nos. 1 and 3). On December 13, 2019, the court denied the request to proceed in forma pauperis but ordered plaintiff to refile a complete form (Docket No. 4). On February 13, 2020, plaintiff complied and the next day, the court granted his request (Docket Nos. 5 and 6). On April 28, 2020, defendants filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction," for failure to exhaust administrative remedies (Docket No. 12). The motion stands unopposed. On December 21, 2020, the court ordered plaintiff to file a certified English translation of the complaint, warning that failure to comply would result in an order striking from the record the complaint and dismissal of the case without prejudice (Docket No. 14).

    Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."[1] The First Circuit

---

[1] To the same end, Local Civil Rule 5(c) provides that all documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English which meets

León-Rivera v. Medical Director Dr. Almodóvar, et. als.
Civil No. 19-2125 (PAD)
Memorandum and Order
Page 2

requires strict enforcement with the English-language requirement "where the untranslated Spanish language document or matter is key to the outcome of the proceedings." Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). As the First Circuit has explained, allowing the outcome to turn on a non-English document would be at odds with the premise of a unified and integrated federal courts system. Id. Therefore, district courts should not consider such documents. See, González-De-Blasini v. Family Department, 377 F.3d 81, 89 (1st Cir. 2004)(district court should not have considered documents before it that were in the Spanish language).

As it stands, the complaint is in the Spanish language (Docket No. 3). Plaintiff has not submitted an English language translation, as ordered, or requested an extension of time to do so. Without the translation, the court cannot entertain his claims. As forewarned, in accordance with the Order at Docket No. 14, the complaint is stricken from the record. And without a viable complaint, dismissal without prejudice follows. By extension, the motion to dismiss at Docket No. 12 is MOOT.

Judgment shall be entered accordingly.

**SO ORDERED**.

In San Juan, Puerto Rico, 1st day of March, 2021.

                                               s/Pedro A. Delgado-Hernández
                                               PEDRO A. DELGADO-HERNÁNDEZ
                                               United States District Judge

---

one of the following criteria: (1) it is prepared by an interpreter certified by the Administrative Office of the U.S. Courts; (2) it is prepared by a translator who has approved Phase I (written legal translation) of the Federal Court Interpreters Certification Examination; (3) it is prepared by a translator who is certified by the American Translator Association, or who has a post-graduate degree from an accredited postgraduate education translation program; or (4) it is otherwise stipulated as accurate by all parties.